FILED
FEB 23 2024
MICHAEL GANS
CLERK OF COURT

# In the United States Court of Appeals
## For the Eighth Circuit

| | |
|---|---|
| ZIMMER RADIO OF MID-MISSOURI, INC. | 24-1380 |
| *Petitioner,* | |
| v. | Case No. -_____ |
| FEDERAL COMMUNICATIONS COMMISSION, | |
| *Respondent.* | |

**PETITION FOR REVIEW**

Pursuant to Section 402(a) of the Communications Act of 1934, 47 U.S.C. § 402(a), 28 U.S.C. §§ 2342 and 2344, and Rule 15(a) of the Federal Rules of Appellate Procedure, Zimmer Radio of Mid-Missouri, Inc. ("Zimmer Radio") hereby petitions this Court for review of the *2018 Quadrennial Regulatory Review — Review of the Commission's Broadcast Ownership Rules and Other Rules Adopted Pursuant to Section 202 of the Telecommunications Act of 1996*, Report and Order, FCC 23–117, 89 Fed.

RECEIVED
FEB 23 2024
U.S. COURT OF APPEALS
EIGHTH CIRCUIT

Appellate Case: 24-1380     Page: 1     Date Filed: 02/23/2024 Entry ID: 5366849

Reg. 12196 (Feb. 15, 2024) ("Quadrennial Order" or "Order").[1] A copy of the Quadrennial Order is attached to this Petition as Exhibit A.

This Court has jurisdiction pursuant to 47 U.S.C. § 402 and 28 U.S.C. § 2344, and venue is proper pursuant to 28 U.S.C. § 2343. This petition is timely because it is filed within ten days of the publication of the rule in the federal register, *see* 28 U.S.C. § 2112; 47 C.F.R. § 1.13.

Section 202(h) of the Telecommunications Act of 1996 directs the Federal Communications Commission ("FCC" or "Commission") to review its broadcast ownership rules every four years and to "repeal" or "modify" any rule that is no longer "necessary in the public interest as the result of competition." Pub. L. No. 104-104, § 202(h), 110 Stat. 111-12. By instituting a periodic review process, Congress directed the Commission to timely update its rules to reflect competitive changes in the marketplace.

But the Quadrennial Order misapprehends the FCC's statutory obligations in fundamental ways. Disregarding the deregulatory nature of Section 202(h), the Quadrennial Order retains the FCC's analog-era

---

[1] Zimmer Radio is a small broadcasting company with 13 FCC-licensed commercial radio stations serving local audiences and communities in mid-Missouri.

Appellate Case: 24-1380   Page: 2   Date Filed: 02/23/2024 Entry ID: 5366849

local radio ownership rule (and even *tightens* its local television ownership rule). The local radio rule significantly restricts the total number of radio stations (AM and FM combined), and separately caps the number of AM stations and the number of FM stations, that any one broadcaster can own in a local market. The Quadrennial Order also deviates from—and often ignores outright—the competition-centric approach the Telecommunications Act dictates. As a result, the Commission failed to account for the vastly increased competition that local broadcasters encounter from myriad contemporary sources, competition that did not even exist in 1996, when the current version of the local radio ownership rule was adopted.

Moreover, the Commission has consistently flouted its obligation under Section 202(h) to review and determine the necessity of its broadcast ownership rules in light of competition every *four* years. Here, for instance, the agency completed this "2018" review more than *five* years after belatedly commencing it in 2018, the year it was supposed to have conducted the review. The Commission finally issued the Quadrennial Order on December 26, 2023, only after the Court of Appeals for the District of Columbia Circuit, in response to a petition for

3

mandamus, ordered the agency to show cause why the petition should not be granted if the agency had not finished the review by the next day, December 27, 2023. *See Per Curiam* Order, *In re National Association of Broadcasters*, No. 23-1120 (Sept. 28, 2023).

The Order suffers not only from extended delay but also significant legal and factual error that violate the law in numerous ways. The Quadrennial Order misinterprets Section 202(h) by disregarding its deregulatory intent and its competition-centric commands. The Order contravenes the Administrative Procedure Act by failing to consider important parts of the record, including critical data, studies, and research submitted by various commenting parties. The Order also reaches conclusions unsupported by and, at times, directly contrary to, the voluminous record assembled during the comment period. Indeed, significant aspects of the FCC's reasoning are illogical, inconsistent, or self-contradictory.

Retaining outdated broadcast ownership rules adversely affects Zimmer Radio and other broadcasters who face fierce competition from an ever-expanding array of content providers and advertising platforms. The record demonstrates substantial declines in listening for AM/FM

4

radio stations from new forms of competition. Broadcasters additionally face dwindling revenue as advertisers move their advertising dollars from over-the-air radio and television to digital advertising giants like Facebook and Google.

Notwithstanding these trends, the Commission has retained (or tightened) ownership rules dating from the 1990s that obstruct local broadcasters—but not their competitors—from achieving the economies of scale necessary to compete in a twenty-first century media marketplace. Broadcasters like Zimmer Radio that operate in smaller markets are particularly disadvantaged because the FCC's local radio caps improperly impose stricter limits on station ownership in mid-sized and small markets than in large markets.

Zimmer Radio actively participated in the proceedings below. It submitted letter comments to the Commission describing its competitive challenges in today's marketplace, including in the advertising market, and its need to achieve greater economies of scale. Zimmer Radio also

5

Appellate Case: 24-1380     Page: 5     Date Filed: 02/23/2024 Entry ID: 5366849

met in person with one FCC commissioner to express support for reforming the local radio ownership rule.[2]

Zimmer Radio now seeks relief from the Order on the grounds that: (1) it is contrary to Section 202(h) of the Telecommunications Act of 1996; (2) it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in violation of the Administrative Procedure Act; (3) it is in excess of the FCC's statutory authority; and (4) it is otherwise contrary to law.

Accordingly, Zimmer Radio requests that this Court hold unlawful, vacate, and set aside the Order and grant such additional relief as may be necessary and appropriate.

---

[2] Letter from John P. Zimmer, President of Zimmer Radio of Mid-Missouri, Inc., to Marlene H. Dortch, Secretary, FCC, MB Docket No. 18-349 (Aug. 1, 2019); Letter from John Zimmer, President, Zimmer Radio, to Marlene H. Dortch, Secretary, FCC, Notice of *Ex Parte* Meeting with Commissioner Brendan Carr, MB Docket No. 18-349 (Apr. 10, 2019).

Dated: February 23, 2024          Respectfully submitted,

/s/ *Barbara A. Smith*

Barbara A. Smith
BCLP
211 N. Broadway, Ste. 3600
St. Louis, MO 63102
(314) 696-8715
barbara.smith@bclplaw.com

*Attorney for Petitioner*

7

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2024, copies of the foregoing Petition for Review have been served via first-class mail, postage prepaid, and via email to LitigationNotice@fcc.gov pursuant to 47 C.F.R. § 1.13(a), upon the following parties:

P. Michele Ellison
General Counsel
Federal Communications Commission
45 L Street, N.E.
Washington, D.C. 20554

                                         /s/ Barbara A. Smith

                                         Barbara A. Smith
                                         BCLP
                                         211 N. Broadway, Ste. 3600
                                         St. Louis, MO 63102
                                         (314) 696-8715
                                         barbara.smith@bclplaw.com