# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| ZIMMER RADIO OF MID-MISSOURI, INC., et al., | ) ) ) | |
| *Petitioners*, | ) ) | |
| v. | ) ) | Nos. 24-1380, 24-1480, 24-1493, 24-1516 |
| FEDERAL COMMUNICATIONS COMMISSION, et al., | ) ) ) ) | |
| *Respondents*. | ) | |

**UNOPPOSED MOTION TO INTERVENE IN SUPPORT OF PETITIONERS**

Pursuant to 28 U.S.C. § 2348 and Rule 15(d) of the Federal Rules of Appellate Procedure, CBS Television Network Affiliates Association, ABC Television Affiliates Association, NBC Television Affiliates, and FBC Television Affiliates Association (collectively, the "Affiliates Associations") hereby move for leave to intervene in the above-captioned cases and all other cases that may hereafter be consolidated. Each Affiliates Association is a non-profit trade association whose members consist of owners of local television broadcast stations throughout the country that are each affiliated with the member stations' respective broadcast television network. Collectively, the Affiliates Associations represent more than 600 local television stations that are affiliated with one or more of the four major broadcast networks. Counsel for the Affiliates Associations has contacted counsel for all Petitioners and Respondents in the above-captioned cases, and no parties

1

Appellate Case: 24-1380     Page: 1     Date Filed: 03/22/2024 Entry ID: 5376140

oppose this Motion.

Petitioners in the consolidated cases seek review of the order of the Federal Communications Commission ("FCC" or "Commission") captioned *2018 Quadrennial Regulatory Review – Review of the Commission's Broadcast Ownership Rules and Other Rules Adopted Pursuant to Section 202 of the Telecommunications Act of 1996*, Report and Order, FCC 23-117 (rel. Dec. 26, 2023) ("Order"). The Order was issued pursuant to Section 202(h) of the Telecommunications Act of 1996. Under this provision, the Commission must periodically review its local media ownership rules and "*shall* repeal or modify" any rule that is no longer "necessary in the public interest as the result of competition." Pub. L. No. 104-104, § 202(h), 110 Stat. 56, 111–12 (1996) (emphasis added).

The Judicial Panel on Multidistrict Litigation designated the Eighth Circuit as the circuit in which to consolidate petitions for review of the Order. The Affiliates Associations seek to intervene in support of Petitioners because the Order is arbitrary, capricious, unsupported by record evidence, and otherwise unlawful. Despite acknowledging that "there are far more sources of video programming available today than there were when the Local Television Ownership Rule was first adopted," Order ¶ 74, the Commission refused to loosen its decades-old regulation of local television ownership to reflect today's increasingly competitive media landscape, as mandated by Section 202(h). Instead, it changed its rules in a manner

2

that further *expands* those regulations. The Order thus turns Section 202(h) on its head, relying upon a facially deregulatory provision to increase regulatory burdens on television stations. To reach that counterintuitive and unlawful result, the Commission violated the statute and engaged in patently arbitrary reasoning that ran counter to—and failed to meaningfully engage with—record evidence. Worse still, the Order is unconstitutional. Among other issues, it imposes a content-based speech restriction on multicasting, openly flouting and failing to meaningfully analyze the First Amendment and statutory issues raised by commenters in the record.

The Affiliates Associations have a direct and substantial interest in this proceeding. The Order directly regulates Affiliates Associations' members. The Order harms the Affiliates Associations and their members by not only retaining but significantly expanding outdated television ownership regulations that severely hinder the ability of television broadcast station owners (including the Associations' members) to participate in the modern media marketplace.

The Affiliates Associations actively participated as commenters in the 2018 Quadrennial Review proceedings before the agency. *See, e.g.*, Reply Comments of the Four Affiliates Associations, MB Docket No. 18-349 (filed Oct. 1, 2021), *available at* https://www.fcc.gov/ecfs/document/1001222267832/1. Because each Affiliates Association was a "party in interest in the proceeding before the agency whose interests will be affected" by the Order, the Associations may intervene "as

of right." 28 U.S.C. § 2348; *see Rio Grande Pipeline Co. v. FERC*, 178 F.3d 533, 539 (D.C. Cir. 1999) ("§ 2348 explicitly provides th[e] choice" whether to participate as an intervenor or a petitioner). Likewise, because each Affiliates Association's "interests are affected by the order of the agency," they "may intervene." 28 U.S.C. § 2348.

The Affiliates Associations respectfully request that this Court grant their unopposed Motion to intervene in support of Petitioners in all of the consolidated cases challenging the Order before this Court. In light of the Consolidation Order, the Affiliates Associations also respectfully request that they be deemed Intervenors in any case that is consolidated with this proceeding in the future.

March 22, 2024

Respectfully submitted,

*/s/ Eve Klindera Reed*
Eve Klindera Reed
  *Counsel of Record*
Jeremy J. Broggi
Boyd Garriott
Wiley Rein LLP
2050 M Street NW
Washington, DC 20036
(202) 719-7000
ereed@wiley.law

*Counsel for the Affiliates Associations*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Movants submit the following statements:

<u>CBS Television Network Affiliates Association</u> states that it has no parent corporation and that no publicly held company owns 10 percent or more of its stock because it is a non-stock corporation.

<u>ABC Television Affiliates Association</u> states that it has no parent corporation and that no publicly held company owns 10 percent or more of its stock because it is a non-stock corporation.

<u>NBC Television Affiliates</u> states that it has no parent corporation and that no publicly held company owns 10 percent or more of its stock because it is a non-stock corporation.

<u>FBC Television Affiliates Association</u> states that it has no parent corporation and that no publicly held company owns 10 percent or more of its stock because it is a non-stock corporation.

| | |
|---|---|
| March 22, 2024 | <u>/s/ Eve Klindera Reed</u><br>Eve Klindera Reed<br><br>*Counsel for the Affiliates Associations* |

# CERTIFICATE OF COMPLIANCE

This Motion complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts exempted by Fed. R. App. P. 32(f), it contains 690 words as determined by the word-counting feature of Microsoft Word.

This Motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Microsoft Word in 14-point proportionally spaced Times New Roman font. *See* Fed. R. App. P. 27(d)(1)(E).

This Motion complies with the electronic-filing requirements of Local Rule 28A(h)(2) because it was scanned for viruses, and no virus was detected.

March 22, 2024   */s/ Eve Klindera Reed*
Eve Klindera Reed

*Counsel for the Affiliates Associations*

# CERTIFICATE OF SERVICE

I certify that on March 22, 2024, I electronically filed the foregoing Motion with the Clerk of the Court by using the CM/ECF system, and that the CM/ECF system will accomplish service on all parties represented by counsel who are registered CM/ECF users.

March 22, 2024                         <u>*/s/ Eve Klindera Reed*</u>
                                           Eve Klindera Reed

                                           *Counsel for the Affiliates Associations*