# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| ZIMMER RADIO OF MID-MISSOURI, INC.,<br><br>*Petitioner*,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES OF AMERICA,<br><br>*Respondents*. | Nos. 24-1380, 24-1480, 24-1493, 24-1516 |

**UNOPPOSED MOTION TO INTERVENE OF CONNOISSEUR MEDIA, LLC, MID-WEST MANAGEMENT, INC., MIDWEST COMMUNICATIONS, INC., SUN VALLEY RADIO, INC., EAGLE COMMUNICATIONS, INC., AND LEGEND COMMUNICATIONS OF WYOMING, LLC**

Pursuant to 28 U.S.C. § 2348 and Rule 15(d) of the Federal Rules of Appellate Procedure, Connoisseur Media, LLC ("Connoisseur"), Mid-West Management, Inc., Midwest Communications, Inc. ("Midwest Communications"), Sun Valley Radio, Inc. ("Sun Valley Radio"), Eagle Communications, Inc. ("Eagle Communications"), and Legend Communications of Wyoming, LLC ("Legend Communications" and, collectively, the "Radio Broadcasters") hereby move for leave to intervene in support of Petitioner. The Radio Broadcasters have discussed this motion with counsel for Respondents, the Federal Communications Commission ("FCC") and the United States of America, as well as counsel for Petitioner, and all have stated that they do not object to this motion.

On February 23, 2024, Zimmer Radio of Mid-Missouri, Inc. filed a Petition for Review of the FCC's decision in *2018 Quadrennial Regulatory Review – Review of the Commission's Broadcast Ownership Rules and Other Rules Adopted Pursuant to Section 202 of the Telecommunications Act of 1996*, Report and Order, FCC 23-117, 89 Fed. Reg. 12196 (Feb. 15, 2024) ("*Order*"). The *Order* was adopted on December 22, 2023, released on December 26, 2023, and published in the Federal Register on February 15, 2024. Other petitioners filed Petitions for Review of the *Order* in the Fifth Circuit and the Eleventh Circuit, which have now been consolidated in this Court pursuant to a lottery held by the United States Judicial Panel on Multidistrict Litigation. A fourth Petition for Review of the *Order* has also now been transferred to this Court from the D.C. Circuit. Among other things, the *Order* retains the FCC's local radio ownership rule, which restricts the total of number of AM and FM radio stations (and separately caps the number of each) that a broadcaster may own in a single local market.

The Radio Broadcasters are owners and licensees of radio stations across the United States. Connoisseur is the licensee of 12 radio stations in Connecticut, New York, and Maryland. Mid-West Management, Inc. is one of several independent companies with interlocking ownership often trading under the name of the Mid-West Family, which together hold licenses for more than 40 radio stations in multiple Midwestern states. Midwest Communications is the licensee of 74 stations in the

Appellate Case: 24-1380     Page: 2     Date Filed: 03/25/2024 Entry ID: 5376582

Midwest and in south-central states. Sun Valley Radio is one of several companies controlled by family members of M. Kent Frandsen, which collectively hold the licenses for more than 20 stations operating in Utah, Idaho, and Wyoming. Eagle Communications is an employee-owned licensee of approximately 28 stations serving more than 300,000 people in Kansas, Missouri, and Nebraska. Legend Communications owns approximately 25 radio stations in Wyoming.

The Radio Broadcasters are entitled to intervene because they were parties in interest in the proceeding leading to the adoption of the *Order* and their interests are adversely affected by the *Order*'s retention of the local radio ownership rule. *See* 28 U.S.C. § 2348 ("[A]ny party in interest in the proceeding before the agency whose interests will be affected if an order of the agency is or is not enjoined, set aside, or suspended, may appear as parties thereto of their own motion and as of right . . . ."); 47 U.S.C. § 402(e) ("[A]ny interested person may intervene and participate in the proceedings had upon said appeal by filing with the court a notice of intention to intervene . . . . Any person who would be aggrieved or whose interest would be adversely affected by a reversal or modification of the order of the [FCC] complained of shall be considered an interested party.").

First, the Radio Broadcasters participated actively throughout the FCC proceeding that led to the *Order*. They filed comments and reply comments at each stage of this proceeding, providing their perspectives on the FCC's proposed rules

3

in its *Notice of Proposed Rulemaking* adopted prior to the *Order*. *See, e.g.*, Joint Comments of Connoisseur Media, LLC et al., MB Docket No. 18-349 (filed Apr. 29, 2019); Joint Comments of Connoisseur Media, LLC et al., MB Docket No. 18-349 (Sept. 1, 2021); Letter from David Oxenford & Keenan Adamchak, Counsel for Joint Commenters, Connoisseur Media et al., to Marlene H. Dortch, Secretary, Fed. Commc'ns Comm'n, MB Docket No. 18-349 (filed Nov. 9, 2023) (transmitting comments and reply comments filed in the FCC's 2022 Quadrennial Review to the record in this proceeding); *2018 Quadrennial Regulatory Review – Review of the Commission's Broadcast Ownership Rules and Other Rules Adopted Pursuant to Section 202 of the Telecommunications Act of 1996*, Notice of Proposed Rulemaking, 33 FCC Rcd. 12111 (2018).

Second, the Radio Broadcasters' interests would be adversely affected by implementation of the *Order*. Specifically, the *Order* would harm the Radio Broadcasters by arbitrarily restricting their ability to compete in their markets against larger, less regulated digital content providers and advertising platforms (including some of the nation's largest companies) that are siphoning away both listeners and advertising revenue from the radio stations that the Radio Broadcasters operate.

Accordingly, the Radio Broadcasters respectfully request that the Court grant them leave to intervene in support of Petitioner.

Dated: March 25, 2024    Respectfully submitted,

/s/ Jennifer Tatel
Jennifer Tatel
  *Lead Counsel*
David Oxenford
Graham Stevenson
Wilkinson Barker Knauer, LLP
1800 M Street NW, Suite 800N
Washington, DC 20036
(202) 783-4141
jtatel@wbklaw.com
doxenford@wbklaw.com
gstevenson@wbklaw.com

*Counsel for Connoisseur Media, LLC, Mid-West Management, Inc., Midwest Communications, Inc., Sun Valley Radio, Inc., Eagle Communications, Inc., and Legend Communications of Wyoming, LLC*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| ZIMMER RADIO OF MID-MISSOURI, INC.,<br><br>*Petitioner*,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES OF AMERICA,<br><br>*Respondents*. | Nos. 24-1380, 24-1480, 24-1493, 24-1516 |

## CORPORATE DISCLOSURE STATEMENTS

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Eighth Circuit Rule 26.1A:

**Connoisseur Media, LLC** is a Delaware limited liability company. It has no parent corporation, and no publicly traded corporation owns 10% or more of its stock.

**Mid-West Management, Inc.** is a Wisconsin corporation. It has no parent corporation, and no publicly traded corporation owns 10% or more of its stock.

**Midwest Communications, Inc.** is a Wisconsin corporation. It has no parent corporation, and no publicly traded corporation owns 10% or more of its stock.

**Sun Valley Radio, Inc.** is a Utah corporation. It has no parent corporation, and no publicly traded corporation owns 10% or more of its stock.

**Eagle Communications, Inc.** is a Kansas corporation. It has no parent

corporation, and no publicly traded corporation owns 10% or more of its stock.

**Legend Communications of Wyoming, LLC** is a Wyoming limited liability company. It has no parent corporation, and no publicly traded corporation owns 10% or more of its stock.

| | |
|---|---|
| Date: March 25, 2024 | Respectfully submitted,<br><br>*/s/ Jennifer Tatel*<br>Jennifer Tatel<br>  *Lead Counsel*<br>Wilkinson Barker Knauer, LLP<br>1800 M Street NW, Suite 800N<br>Washington, DC 20036<br>(202) 783-4141<br>jtatel@wbklaw.com<br><br>*Counsel for Connoisseur Media, LLC, Mid-West Management, Inc., Midwest Communications, Inc., Sun Valley Radio, Inc., Eagle Communications, Inc., and Legend Communications of Wyoming, LLC* |

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because it contains 852 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and the accompanying documents excluded by Fed. R. App. P. 27(a)(2)(B), (d)(2).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Date: March 25, 2024                    Respectfully submitted,

*/s/ Jennifer Tatel*
Jennifer Tatel
  *Lead Counsel*
Wilkinson Barker Knauer, LLP
1800 M Street NW, Suite 800N
Washington, DC 20036
(202) 783-4141
jtatel@wbklaw.com

*Counsel for Connoisseur Media, LLC, Mid-West Management, Inc., Midwest Communications, Inc., Sun Valley Radio, Inc., Eagle Communications, Inc., and Legend Communications of Wyoming, LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that, on March 25, 2024, I electronically filed the foregoing Motion to Intervene and Corporate Disclosure Statements with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                */s/ Jennifer Tatel*
                Jennifer Tatel