# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| ZIMMER RADIO OF MID-MISSOURI, INC., et al.,<br><br>     Petitioners,<br><br>  v.<br><br>FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES OF AMERICA,<br><br>     Respondents. | Nos. 24-1380, 24-1480, 24-1493, 24-1516 |

## UNOPPOSED MOTION FOR LEAVE TO INTERVENE IN SUPPORT OF RESPONDENTS BY NCTA – THE INTERNET & TELEVISION ASSOCIATION

Pursuant to 28 U.S.C. § 2348, 47 U.S.C. § 402(e), and Rule 15(d) of the Federal Rules of Appellate Procedure, NCTA – The Internet & Television Association ("NCTA") hereby moves for leave to intervene in support of Respondents as a matter of right in the above-captioned cases. No party opposes NCTA's motion. Petitioners in Case No. 24-1480, Beasley Media Group, LLC and Tri-State Communications, Inc., stated that they take no position on NCTA's motion.

Petitioners seek review of the Federal Communications Commission's ("FCC" or "Commission") Order in the matter of *2018 Quadrennial Regulatory Review—Review of the Commission's Broadcast Ownership Rules and Other Rules*

*Adopted Pursuant to Section 202 of the Telecommunications Act of 1996*, Report and Order, MB Docket No. 18-349, FCC 23-117, 89 Fed. Reg. 12196 (Feb. 15, 2024) ("2018 Quadrennial Order"). In the 2018 Quadrennial Order, the FCC concluded that its existing media ownership rules remained necessary in the public interest pursuant to Section 202(h) of the Telecommunications Act of 1996 and retained those rules with a few modifications. Of particular importance to NCTA, the FCC retained its Local Television Ownership Rule, which generally limits the number of full power television stations an entity may own within the same local market, and the Top-Four Prohibition generally prohibiting a broadcaster from acquiring two stations ranked in the top four in audience share in a market. 2018 Quadrennial Order ¶ 68. The FCC found that the Local Television Ownership Rule promotes competition among local broadcast television stations, which in turn prevents local broadcasters from demanding higher retransmission consent fees from cable operators and other multichannel video programming distributors. *Id.* ¶¶ 71, 77. The Commission also modified its existing rules to prevent circumvention of the Top-Four Prohibition and ensure the continued efficacy of the Local Television Ownership rule by extending the existing ban on acquiring a second affiliation in a market if that would result in the same entity controlling two of the top-four feeds. *Id.* ¶ 103.

Petitioners seek review of the Quadrennial Order on various grounds, including that: (1) it is contrary to Section 202(h) of the Telecommunications Act of 1996; (2) it is arbitrary, capricious, and an abuse of discretion within the meaning of the Administrative Procedure Act; (3) it is in excess of the Commission's statutory authority; (4) it violates the First Amendment of the U.S. Constitution; and (5) it is otherwise contrary to law. NCTA respectfully moves to intervene.

NCTA has a direct interest in the consolidated cases. NCTA is the principal trade association of the cable television industry in the United States, and NCTA's members are among the largest providers of cable television and broadband Internet access service in the country. NCTA meets the statutory requirements to intervene because it was an active participant in the agency proceeding below and because the interests of NCTA's members will be substantially affected by this Court's review of the Order. 28 U.S.C. § 2348.

As NCTA argued in the proceeding below and as the Commission found in the 2018 Quadrennial Order, in a significant number of markets throughout the country, the Commission's Top-Four Prohibition was being circumvented by broadcasters placing major network affiliations on low power televisions stations ("LPTV") and multicast streams (*i.e.*, broadcast transmission capacity available in addition to what is required to transmit the station's "primary" signal). 2018 Quadrennial Order ¶ 102. Allowing a single owner to control the broadcast of two

3

major television networks in the same market confers the same undue market power—and therefore the same leverage in retransmission consent negotiations—regardless of whether the combination arises from the ownership of two full power stations, the ownership of an LPTV station, or the use of a multicast stream. The Commission's Quadrennial Order modified its existing rules to close this loophole. *Id.* ¶ 103. If this Court were to overturn the FCC's Quadrennial Order and thereby reopen this loophole, or otherwise call into question the viability of the Local Television Ownership Rule or the Top-Four Prohibition, the increased leverage that broadcasters would enjoy in retransmission consent negotiations would directly and adversely affect NCTA's members. NCTA is therefore entitled to intervene as a matter of right under 28 U.S.C. § 2348.

Accordingly, NCTA respectfully requests that it be granted leave to intervene in support of Respondents.

## CONCLUSION

NCTA's motion to intervene in support of Respondents should be granted.

Dated: March 25, 2024

Rick C. Chessen
Mary Beth Murphy
Radhika Bhat
NCTA – The Internet &
Television Association
25 Massachusetts Avenue, NW
Suite 100
Washington, DC 20001
(202) 222-2445

Respectfully submitted,

*/s/ Jessica Ring Amunson*
Howard J. Symons
Jessica Ring Amunson
Arjun R. Ramamurti
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
(202) 639-6000

*Counsel for NCTA – The Internet & Television Association*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, movant-intervenor NCTA – The Internet & Television Association ("NCTA") respectfully submits the following corporate disclosure statement.

NCTA is the principal trade association of the cable television industry in the United States. Its members include owners and operators of cable television systems serving over 80 percent of the nation's cable television customers, as well as more than 200 cable program networks. The cable industry is also a leading provider of residential broadband service to U.S. households. NCTA has no parent companies, subsidiaries, or affiliates whose listing is required by Rule 26.1.

Dated: March 25, 2024

*/s/ Jessica Ring Amunson*
Howard J. Symons
Jessica Ring Amunson
Arjun R. Ramamurti
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
(202) 639-6000

*Counsel for Movant-Intervenor NCTA – The Internet & Television Association*

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Motion for Leave to Intervene complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 729 words. I further certify that this Motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: March 25, 2024

*/s/ Jessica Ring Amunson*
Howard J. Symons
Jessica Ring Amunson
Arjun R. Ramamurti
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
(202) 639-6000

*Counsel for Movant-Intervenor NCTA – The Internet & Television Association*

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2024, I electronically filed the foregoing Motion for Leave to Intervene with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: March 25, 2024

        */s/ Jessica Ring Amunson*
        Howard J. Symons
        Jessica Ring Amunson
        Arjun R. Ramamurti
        Jenner & Block LLP
        1099 New York Avenue, NW
        Suite 900
        Washington, DC 20001
        (202) 639-6000

        *Counsel for Movant-Intervenor NCTA – The Internet & Television Association*