# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| ZIMMER RADIO OF MID-MISSOURI, INC., et al., <br><br>    Petitioners, <br><br>v. <br><br>FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA, <br><br>    Respondents. | Case Nos. 24-1380, 24-1480, 24-1493, & 24-1516 |

## UNOPPOSED MOTION FOR LEAVE TO INTERVENE OF AMERICAN TELEVISION ALLIANCE

Pursuant to 28 U.S.C. § 2348, 47 U.S.C. § 402(e), and Rule 15(d) of the Federal Rules of Appellate Procedure, the American Television Alliance ("ATVA") files this motion for leave to intervene as of right in support of Respondents in the above-captioned cases. No party objects to ATVA's motion.

The four cases identified above were consolidated by orders of the U.S. Judicial Panel on Multidistrict Litigation on March 8 and March 12, 2024. The four petitions involve related challenges to the Federal Communications Commission's ("FCC" or "Commission") Report and Order in the matter of *2018*

1

*Quadrennial Regulatory Review—Review of the Commission's Broadcast Ownership Rules*, 89 Fed. Reg. 12196 (Feb. 15, 2024) (the "Quadrennial Review Order").

This motion to intervene is timely because the National Association of Broadcasters originally filed its challenge in the D.C. Circuit on March 8, 2024, and ATVA is filing this motion to intervene within 30 days after the filing of that petition for review. *See* Fed. R. App. P. 15(d). Anticipating consolidation orders, ATVA waited until all cases had been consolidated to seek leave to intervene, and now seeks to participate in all consolidated cases.

In the Quadrennial Review Order under review, the FCC found that its existing media ownership rules, "with some minor modifications, remain necessary in the public interest." Quadrennial Review Order ¶ 2. Most important to ATVA, the FCC "retain[ed] the Local Television Ownership Rule with modest adjustments to reflect changes that have occurred in the television marketplace." *Id.*; *see also id.* ¶¶ 66-68. That Rule "limits the number of full power television stations an entity may own within the same local market" to at most two, subject to some limits. *Id.* ¶ 69. The "Top-Four Prohibition" generally bars broadcasters from owning two stations "ranked among the top-four stations" in a local market. *Id.*

The FCC's Quadrennial Review Order rejected broadcaster efforts to weaken the Top-Four Prohibition for "strong public interest reasons" enumerated

2

in the Order. *Id.* ¶ 77. The Commission also took action to prevent parties from exploiting "unintended ambiguities or gaps" in the Top-Four Prohibition. *Id.* ¶ 98; *see id.* ¶ 103 (describing language added to Note 11 to 47 C.F.R. § 73.3555). In doing so, the FCC relied on evidence submitted by ATVA and others. *See id.* ¶ 102 ("[w]e agree with ATVA and NCTA" on facts underlying the need for closing this loophole).

The consolidated petitions challenge the 2018 Quadrennial Review Order on the grounds that the FCC exceeded its statutory authority, violated the First Amendment, and violated the Administrative Procedure Act. ATVA has a direct interest in the consolidated cases and meets the statutory requirements for intervention. ATVA participated extensively in the proceeding below, and the interests of ATVA and its members will be substantially affected by the Court's review of the 2018 Quadrennial Review Order. *See* 28 U.S.C. § 2348. FCC rules require ATVA members to engage in retransmission consent negotiations with television broadcasters throughout the country, and ATVA argued throughout the FCC proceeding that the challenged rules will "protect consumers from rising costs due to pass through of retransmission consent fee increases that result when broadcasters are able to negotiate retransmission consent fees for two top-four stations jointly in a market." Quadrennial Review Order ¶ 88 n.293. ATVA likewise explained to the FCC the need to close the loophole that was increasingly

being exploited by "network affiliation arrangements and acquisitions … to circumvent the Top-Four Prohibition." *Id.* ¶ 102. A decision calling the FCC's decisions into question in these areas would increase broadcasters' already-powerful ability to extract supracompetitive retransmission consent fees from ATVA members and, ultimately, from consumers.

Accordingly, ATVA respectfully requests that it be granted leave to intervene in support of Respondents the FCC and the United States of America.

Dated: April 5, 2024							Respectfully submitted,

/s/ Timothy J. Simeone
Timothy J. Simeone
Michael D. Nilsson
Jason Neal
HWG LLP
1919 M Street, NW, 8th Floor
Washington, D.C. 20036
(202) 730-1300
tsimeone@hwglaw.com

*Counsel for American Television Alliance*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, American Television Alliance states that it is a non-profit professional association—comprising cable, satellite, and telephone companies, independent programmers, and consumer groups—formed primarily to advocate on retransmission consent issues. It has no parent company and does not issue debt or equity securities, and accordingly there is no publicly held company holding ten percent or more of its stock.

Dated: April 5, 2024

Respectfully submitted,

/s/ Timothy J. Simeone
Timothy J. Simeone
Michael D. Nilsson
Jason Neal
HWG LLP
1919 M Street, NW, 8th Floor
Washington, D.C. 20036
(202) 730-1300
tsimeone@hwglaw.com

*Counsel for American Television Alliance*

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing Motion complies with the requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Times New Roman font. I further certify that the Motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains 636 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), according to the word-count feature of Microsoft Word.

Dated: April 5, 2024 /s/ Timothy J. Simeone

## CERTIFICATE OF SERVICE

  I hereby certify that on this 5th day of April, 2024, I caused the foregoing Motion to be filed through this Court's CM/ECF system, which will send a notice of filing to all registered users. All participants in the case are registered CM/ECF users, and service will be accomplished through the CM/ECF system.

Dated: April 5, 2024          /s/ Timothy J. Simeone