

Federal Communications Commission
Washington, D.C. 20554

March 10, 2025

Maureen W. Gornik
Acting Clerk of Court
United States Court of Appeals
 for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
Room 24.329
St. Louis, MO  63102

>RE:   *Zimmer Radio of Mid-Missouri, Inc. et al. v. FCC et al.*, Nos. 24-1380, 24-1480, 24 -1493, 24-1516 (oral argument scheduled for March 19, 2025)

Dear Ms. Gornik:

Pursuant to FRAP Rule 28(j), I write to notify the Court of a decision issued by the United States Court of Appeals for the Eleventh Circuit in *Gray Television, Inc. v. FCC*, No. 22-14274 (11th Cir. March 7, 2025) (copy attached).  In that case, the Eleventh Circuit rejected Gray Television's argument that the FCC's enforcement of Note 11 to the agency's local television ownership rule violates the First Amendment and section 326 of the Communications Act by interfering with Gray's programming choices.  Slip op. at 21-26.  The court held that because Note 11 was "not content based" and was "rationally related to the FCC's interest in promoting competition, its application and enforcement against Gray" did "not violate § 326 or the First Amendment." *Id*. at 25.  In the case now before this Court, petitioners have likewise argued that Note 11 violates the First Amendment and section 326.  *See* Pet. Br. 65-69; Pet. Reply Br. 31-33.  The Court should reject those arguments for the reasons set forth in *Gray Television* and in the government's brief.  *See* FCC Br. 63-67; *see also* NCTA Int. Br. 41-43.

In a concurring opinion, two judges on the *Gray Television* panel expressed concern that "Note 11 may exceed the authority given to the FCC" by the Communications Act.  Slip op. at 1 (Brasher, J., concurring).  Those judges questioned whether Title III of the Act, which authorizes the FCC to license broadcast stations, gives the agency authority to regulate affiliation transfers

between broadcast stations.  The panel unanimously concluded, however, that this issue was "not properly before" the court "because Gray did not raise it in the administrative proceedings."  Slip op. at 10.  Similarly, the issue discussed by the concurring opinion in *Gray Television* is not before this Court.  Apart from petitioners' assertion that Note 11 violates 47 U.S.C. § 326 (a claim that merely echoes their meritless First Amendment argument), petitioners here do not challenge the Commission's authority under Title III of the Communications Act to adopt Note 11.

                              Respectfully submitted,

                              /s/James M. Carr

                              James M. Carr
                              Counsel

cc:    Counsel for all parties (via ECF)