GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1700 M sStreet, N.W.
Washington, D.C. 20036-5306
Tel 202.955.8500
gibsondunn.com

Andrew G.I. Kilberg
Direct: +1 202.887.3759
Fax: +1 202.887.3599
Akilberg@gibsondunn.com

March 11, 2025

VIA CM/ECF

Maureen W. Gornik
Acting Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

Re: No. 24-1380, 24-1480, 24-1493, 24-1516, *Zimmer Radio of Mid-Missouri, et al. v. Federal Communications Commission, et al.*—Response to Notice of Supplemental Authority, and New Notice of Supplemental Authority, Pursuant To Federal Rule of Appellate Procedure 28(j)

Dear Ms. Gornik,

Petitioners write to respond to the Commission's notification of supplemental authority regarding *Gray Television, Inc. v. Federal Communications Commission*, No. 22-14274 (11th Cir. Mar. 7, 2025), and submit a recent decision issued by this Court, *Missouri v. Trump*, No. 24-2332 (8th Cir. Feb. 18, 2025).

While *Gray* concluded that the original Note 11 does not violate the First Amendment, it did not address the FCC's extension of Note 11 to multicasting or low-power television stations, which is at issue here.

Additionally, Judge Brasher—joined by Chief Judge Pryor—wrote in a concurring opinion that Note 11 likely "exceeds the bounds of the FCC's statutory authority," because the FCC's licensing authority "does not extend to the supervisory control of the programs

that a station broadcasts." Slip op. at 6, 10 (citation omitted). Judge Brasher explained that "it is not apparent" that affiliation transfers are the functional equivalent of license transfers or that Congress has explicitly empowered the FCC to regulate functional equivalents. *Id.* at 7-8. The concurrence confirms that the Note 11 revision exceeds the FCC's statutory authority.

Contrary to the FCC's suggestion, Petitioners raised this argument. *See, e.g.*, Petitioners Br. 65 ("The Order's Revisions to Note 11 Contravene The Communications Act And The First Amendment."); *id.* 67 (Congress has not "authorize[d] the Commission to tell broadcasters what programming they can air on their own stations."); Petitioners Reply 32 ("[T]he Note 11 revision does not regulate station ownership or have anything to do with the 'scarcity of broadcast frequencies.' The revised Note 11 is not triggered by a station purchase.") (citation and quotation marks omitted).

In *Missouri v. Trump*, this Court concluded that an Education Department rule likely exceeds the agency's statutory authority. However, the Court held that the district court erred by failing to enjoin the *entire* rule. Slip op. at 24 ("upon ultimate success in an Administrative Procedure Act challenge, the default remedy is to set aside or vacate the rule."). *Missouri* confirms that the proper remedy for any of the Commission's APA violations is vacatur of the Local Television Rule and Local Radio Rule.

Respectfully submitted,

/s/ *Andrew G.I. Kilberg*

Andrew G.I. Kilberg
*Counsel for Petitioner National Association of Broadcasters*

cc: Counsel of record (via ECF)