# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.
Washington, D.C. 20036-5306
Tel 202.955.8500
gibsondunn.com

Andrew G.I. Kilberg
Direct: +1 202.887.3759
Fax: +1 202.887.3599
Akilberg@gibsondunn.com

June 6, 2025

<u>VIA CM/ECF</u>

Susan E. Bindler
Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

Re: No. 24-1380, 24-1480, 24-1493, 24-1516, *Zimmer Radio of Mid-Missouri, et al. v. Federal Communications Commission, et al.*—Response to Notice of Supplemental Authority, Pursuant To Federal Rule of Appellate Procedure 28(j)

Dear Ms. Bindler,

Petitioners write to respond to the Commission's notification of supplemental authority regarding the waiver issued to Greenwood License LLC ("Waiver Order"). The Commission's letter demonstrates its continued desperation to manufacture post-hoc evidence to support its unlawful ban on owning more than one top-four rated station in a geographic market.

Just like the waiver granted for the Marquee transaction the Commission trumpeted in April, the Waiver Order merely allows continuance of a *pre-existing* top-four combination. Waiver Order ¶ 5 n.9 ("the existing combination has been in place for almost ten years" and "is not new"); *see* Petitioners' Rule 28(j) Response at 2 (Apr. 16, 2025). Greenwood is "acquir[ing] a full power television station with two top-four network affiliations on separate multicast streams and two lower power television (LPTV) stations, each with a top-four

network affiliation." Waiver Order ¶ 1. Indeed, the only reason a waiver is needed is because "the Commission expanded the Top-Four Prohibition" to cover multicasts and LPTV stations. *Id.* ¶ 4. The Waiver Order thus does not support the Commission's argument that the case-by-case waiver process is a panacea for the Top-Four Prohibition's overbreadth.

Rather, the Waiver Order concretely illustrates the unnecessary costs imposed by the Commission's tightening of the Top-Four Prohibition. Absent the Commission's amendment of Note 11 in the 2018 Quadrennial Order, Greenwood would not have needed to expend the resources to apply for a waiver.

The unfortunate reality is that many other transactions that would be in the public interest will never reach the Commission's desk. The Greenwood and Marquee waivers concern the 16th and 15th smallest geographic markets in the country; each contains only approximately 60,000 TV households. *Id.* ¶ 5  Granting those waivers was the right thing to do. But waivers to avoid "splitting up" top-four combinations in the country's nanoscopic markets are cold comfort for broadcasters struggling under the weight of the Top-Four Prohibition across the country. *Id.* ¶ 15.

Regardless, Petitioners again stress that it is bedrock administrative law that exceptions cannot save an irrational rule. *See, e.g.*, *ALLTEL Corp. v. FCC*, 838 F.2d 551, 561 (D.C. Cir. 1988).

Respectfully submitted,

/s/ *Andrew G.I. Kilberg*

Andrew G.I. Kilberg
*Counsel for Petitioner National Association of Broadcasters*

cc: Counsel of record (via ECF)