# WILKINSON ) BARKER ) KNAUER ) LLP

1800 M STREET, NW
SUITE 800N
WASHINGTON, DC 20036
TEL 202.783.4141
FAX 202.783.5851
www.wbklaw.com
DAVID D. OXENFORD
TEL 202.383.3337
DOXENFORD@WBKLAW.COM

June 9, 2025

**VIA CM/ECF**

Susan E. Bindler
Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

Re: No. 24-1380, 24-1480, 24-1493, 24-1516, *Zimmer Radio of Mid-Missouri, et al. v. Federal Communications Commission, et al.*—Response to Notice of Supplemental Authority, Pursuant To Federal Rule of Appellate Procedure 28(j)

Dear Ms. Bindler:

The Radio Intervenors received the Federal Communications Commission's notification of supplemental authority regarding the waiver issued to Greenwood License LLC ("Waiver Order"), as well as the response to that letter filed June 6, 2025, by the National Association of Broadcasters ("NAB"). The Radio Intervenors agree with NAB that the Commission's submission of the Waiver Order only further demonstrates the additional and unnecessary burdens imposed by the 2018 Quadrennial Order. In addition, the Radio Intervenors note that the Waiver Order, like the similar actions described in the Commission's prior supplement filings, does nothing to address the issues facing licensees of radio broadcast stations.

The Waiver Order was undertaken pursuant to a portion of the local television ownership rule, 47 C.F.R. § 73.3555(b)(2), that provides a narrow path for television broadcast station licensees to demonstrate on a case-by-case basis that that local television ownership rule's "top four" prohibition should not apply. The local radio ownership rule, on the other hand, provides no such path for radio broadcast stations. *See* 47 C.F.R. § 73.3555(a). Indeed, the Commission's supplemental filings merely emphasize the fact that radio broadcast stations are not afforded even the slight degree of latitude the Commission's ownership rules provide for television broadcast stations.

      The Commission thus continues to fail to justify retaining the ownership rules, particularly the local radio rule, in light of the burdens demonstrated by the Petitioners and the Radio Intervenors.

                        Respectfully submitted,

                        */s/ David D. Oxenford*
                        David D. Oxenford

                        *Counsel for Connoisseur Media, LLC, Mid-West Management, Inc., Midwest Communications, Inc., Sun Valley Radio, Inc., Eagle Communications, Inc., and Legend Communications of Wyoming, LLC ("Radio Intervenors")*

cc:    Counsel of record (via ECF)